**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LUIS MORANT CORDERO,<br>Petitioner,<br>v.<br>MICHAEL L. BENOV, Warden,<br>Respondent. | ) | Case No.: 1:11-cv-00243-LJO-JLT<br><br>FINDINGS AND RECOMMDENDATIONS OF DENIAL AND DISMISSAL OF THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner Luis Morant Cordero ("Petitioner") is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

Petitioner was arrested on federal charges on October 2, 2002, and released from federal custody the following day. (Doc. 9 at 12, Ex. A). Petitioner was arrested on state charges on April 30, 2004, in Lehigh County, Pennsylvania, where he remained in state custody until October 1, 2004. (Doc. 1 at 3, Doc. 9 at 2, 12, Ex. A). At that time, state officials released him to the custody of the U.S. Marshals, pursuant to a federal writ arising from his October 2, 2002 arrest. Id. On May 19, 2005, Petitioner was sentenced to a 120-month federal term. (Doc. 9 at 12-13, Ex. A). He was returned to state custody on May 26, 2005.

On July 29, 2005, Petitioner pled guilty to two state charges of drug manufacturing or possession with intent to deliver. (Doc. 1 at 31, Ex. B). The Lehigh County Court of Common Pleas

sentenced Petitioner to concurrent four-year and six-year terms, which were to be served concurrently with his existing federal sentence. Id. at 31-34, Ex. B. Petitioner commenced his state sentence on July 29, 2005, and entered federal custody on May 22, 2006. (Doc. 1. at 34, Ex. B; Doc. 2 at 13). Currently, Petitioner is incarcerated at Taft Correctional Facility serving his 120-month federal sentence. (Doc. 1 at 18).

On February 14, 2011, Petitioner filed the instant petition, pursuant to 28 U.S.C. § 2241. Petitioner requests: (1) that he be granted a *nunc pro tunc* designation that would enable him to serve his federal and state sentences concurrently, and (2) that he be credited for the time spent in detention between April 30, 2004, and July 29, 2005. (Doc. 1 at 3). Respondent filed his answer on May 18, 2011. (Doc. 9). On June 14, 2011, Petitioner submitted his Traverse. (Doc. 10). Petitioner filed additional legal authority on March 20, 2013. (Doc. 15). Respondent has neither objected to Petitioner's supplemental arguments nor filed a response to them. Respondent seemingly concedes that Petitioner has exhausted all of his administrative remedies. (Doc. 9 at 3-4).

**JURISDICTION**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g.*, Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used

to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

Here, Petitioner alleges that he is being denied unlawfully credits against his federal sentence. Petitioner also contends that the sentencing court misapplied the federal sentencing guidelines in computing his sentence. To the extent that Petitioner is challenging the computation of credits, he is challenging the execution of his sentence rather than its imposition. Thus, that claim is proper under 28 U.S.C. § 2241. In addition, because Petitioner was incarcerated at the time of filing of the petition at TCI located in Taft, California, which lies within the Eastern District of California, this Court has jurisdiction to proceed.

## DISCUSSION

Petitioner contends that he is entitled to credits on his federal sentence from the date he was initially received into federal custody. (Doc. 1 at 3). He also contends that he is entitled to credit for time served in custody prior to May 22, 2006, on the basis of a *nunc pro tunc* designation. Both contentions are without merit.

### A. Calculation of Credit for Time Served.

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises it through the Bureau of Prisons ("BOP"). United States v. Wilson, 503 U.S. 329, 334-35, 112 S.Ct. 1351, 1354-55 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998), *cert denied*, 525 U.S. 1091 (1999). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the Respondent in question may receive credit for any time already spent in custody." United States v. Smith, 812 F.Supp 368, 370 (E.D.N.Y. 1993); Jimenez v. Warden, FDIC, Fort Devens, Mass., 147 F.Supp.2d 24, 27 (D.Mass.2001); Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa. 1996), *affirmed by*, 100 F.3d 946 (3rd Cir. 1996).

1. Petitioner's federal sentence commenced on May 22, 2006.

A federal sentence commences "on the date the Respondent is received in custody. . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); Thomas v. Brewer, 923 F.2d 1361, 1369 (9th Cir. 1991). Here, the following

facts are undisputed: (1) Petitioner was arrested on April 30, 2004 (Doc. 1 at 12; Doc. 9 at 12); (2) the U.S. Marshals removed Petitioner from state custody on a writ of habeas corpus ad prosequendum on October 1, 2004 (Doc. 1 at 19; Doc. 9 at 12); (3) Petitioner was sentenced to a federal term of 120 months on May 19, 2005; (4) returned to state custody on May 26, 2005, for state sentencing (Doc. 1 at 19-20; Doc. 9 at 12-13); (5) his Pennsylvania state sentence commenced on July 29, 2005, (Doc. 1 at 10; Doc. 9 at 13); and, (6) Petitioner returned to federal custody on May 22, 2006. (Doc. 1 at 12; Doc. 9 at 13).

The parties dispute the date on which Petitioner's federal sentence commenced. Petitioner avers that his transfer into federal custody prior to the imposition of his state sentence was sufficient to demonstrate that the state relinquished state control over him, and that he was therefore primarily in federal custody from April 30, 2004 until July 29, 2005. (Doc. 1 at 10). Thus, he believes he is entitled to credit on his federal sentence prior to May 22, 2006. Id. at 12. Respondent contends that Petitioner was placed in state custody on April 30, 2004, that his federal sentence commenced on May 22, 2006, and that he has received full credit on his state sentence for the time in custody prior to July 29, 2005. (Doc. 9 at 6). The Court agrees with Respondent.

Thomas is dispositive of the date Petitioner's federal sentence commenced. In that case, petitioner was arrested on state charges on May 10, 1964. While in state custody, he was charged in federal court with armed bank robbery. On three occasions--June 15, 1964, June 23, 1964, and August 4, 1964--petitioner was brought to federal court on a writ of habeas corpus ad prosequendum to answer the federal charges. On the latter date, August 4, 1964, petitioner was sentenced to the "maximum period prescribed by law." Thomas, 923 F.2d at 1363.

After his sentencing in federal court, petitioner was returned to state authorities in Los Angeles, where, on August 28, 1964, he appeared in state court and was sentenced to two concurrent terms. Id. On February 11, 1965, petitioner was sentenced in state court to a term of life on yet another charge. Id. at 1364. Thomas began serving his state term in California State Institution in Chino, California, on February 23, 1965. Id. On November 23, 1966, pursuant to a recommendation of the state court, petitioner was turned over to U.S. Marshals to enable concurrent service of petitioner's federal and state terms. At an unknown date in December 1966, petitioner was delivered

to the Federal Correctional Institute, Lompoc, California. Id.

Thomas contended in a federal habeas petition that he should be given credit for time in custody between August 4, 1964 and November 23, 1966. Id. The federal district court disagreed and denied Thomas' petition. Id. The Ninth Circuit affirmed, rejecting Thomas' contention that he was in federal custody at the time of his initial federal sentencing on August 4, 1964, and that his federal sentence should therefore run from that date. Id. In so doing, the Ninth Circuit upheld the district court's determination that Thomas' sentence commenced to run on November 23, 1964, the date he was originally released from state prison and turned over to the custody of U.S. marshals for concurrent service. Id. at 1369 ("Thomas's sentence could not have begun to run until he was received at an institution either to serve his sentence, or to be transported to another institution where his sentence was to be served.").

Applying Thomas to this case, Petitioner was not "received into [federal] custody...to commence service of sentence at the official detention facility at which the sentence is to be served" either on July 29, 2005, the date he was originally sentenced in state court, or on the dates he was brought to into federal custody prior to May 22, 2006, pursuant to the federal writ. Rather, on those earlier dates, despite being given over temporarily to federal authorities, Petitioner was still in the primary custody of the State of Pennsylvania. By contrast, Petitioner was "borrowed" from state custody for federal sentencing, but that imposition of the sentence was deferred until after Petitioner completed his Pennsylvania sentence. Thomas, 923 F.2d at 1369; *see* United States v. Segal, 549 F.2d 1293, 1301 (9th Cir. 1977)("a federal term cannot begin until a prisoner has been received by federal authorities"); United States v. Graham, 538 F.2d 261, 265 (9th Cir. 1976)("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence"); Gunton v. Squier, 185 F.2d 470, 471 (9th Cir. 1950)("his Federal sentence could not start to run until he was delivered to and received by the United States Marshal at the place of detention to await transportation to the Federal penitentiary"). Accordingly, May 22, 2006, was the date when Petitioner's federal detention "commenced."

2. Petitioner received credit against his state sentence for time served prior to May 22, 2006.

Contrary to Petitioner's assertions, two reasons exist for why Petitioner is not entitled to

additional credit against his federal sentence for time credited to his state sentence under 18 U.S.C. § 3585, which provides, inter alia, that "[a] Respondent be given credit for any time spent in official detention prior to the date a sentence commences . . . that ***has not been credited against another sentence***." 18 U.S.C. § 3585(b) (emphasis added). First, it was not a term served "as a result of the offense for which the [federal] sentence was imposed," § 3585(b)(1), and, second, Petitioner already received credit for that time on his state sentence.[1] § 3585(b)(2). To give Petitioner credit for his prior custody on both his state sentence and his federal sentence violates the plain language of § 3585(b) and is barred by United States v. Wilson, 503 U.S. 329, 337, 112 S.Ct. 1351 (1992) ("Congress made clear [in Section 3585(b) ] that a Respondent could not receive a double credit for his detention time.").

Thus, Petitioner is not entitled to prior custody credit pursuant to § 3585(b). Put another way, all of the time Petitioner seeks to have credited against his federal sentence has already been credited toward his state sentence. Since Petitioner has received full credit against his state sentence for the all of the time spent in federal custody pursuant to the federal writ, he is not entitled to any additional credit - or effectively double credits - against his federal sentence *for the same period of time*. 18 U.S.C. § 3585(b); see also United States v. Wilson, 503 U.S. 329, 337 ("Congress made clear [in 18 U.S.C. § 3585(b)] that a Respondent could not receive a double credit for his detention time."); Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988)(per curium)(applying the precursor to 18 U.S.C. § 3585, and concluding that "[s]ince the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time"); Rios v. Wiley, 201 F.3d 257, 274-275 (3d Cir. 2000)("[T]he general rule prohibiting double credit articulated in section 3585(b) applies equally to situations where, as here, the prisoner was in federal control pursuant to a writ of *habeas corpus ad prosequendum* during the time period for which a pre-sentence credit is sought."); United States v.

---

[1] While Petitioner avers in his Petition that he has not received credit for the time spent in custody between April 30, 2004, and July 29, 2005, (Doc. 1 at 10), Respondent's evidence indicates that this time was fully credited toward Petitioner's state sentence. (Doc. 9 at 6). In fact, the period from May 1, 2004, until July 29, 2005, was applied to *both* of Petitioner's state sentences. (Doc. 1 at 31, Doc. 9 at 44). The BOP also adjusted Petitioner's credits upward to include a 1-day jail credit for his time in custody on April 30, 2004. (Doc. 9 at 13).

LaBeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998)("[A] Respondent has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

**B. *Nunc Pro Tunc* Designation**

Petitioner avers that he is entitled to serve his federal sentence concurrent with his state sentence. As the basis of this proposition, Petitioner correctly indicates that the Bureau of Prisons may make a *nunc pro tunc* designation of a state institution for service of a federal sentence after considering the factors set forth in 18 U.S.C. § 3621(b). (Doc. 1 at 4). 18 U.S.C. § 3621(b) provides, in pertinent part, that the BOP may designate any available correctional facility as the place in which an inmate may serve his sentence, provided that the BOP consider:

> (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; [] and (5) any pertinent policy statement issued by the Sentencing Commission.

18 U.S.C.A. § 3621(b).

The BOP may designate a state facility as appropriate for the purpose of serving a "concurrent" federal sentence – as both Petitioner and Respondent agree – only when doing so complies with the intent of the sentencing federal court or comports with the goals of the judicial system. Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002); Doc. 1 at 4; Doc. 9 at 4; *see also* Fed. Bureau Prisons Policy Statement 5160.05. The BOP, however, may refuse to make a "*nunc pro tunc* designation of a state prison notwithstanding a state court's contrary order, and the BOP is accorded broad discretion when doing so. Reynolds v. Thomas, 603 F.3d 1144, 1151 (9th Cir. 2010). Thus, Plaintiff's contention that that the BOP abused its discretion in adhering to the sentencing Court's "recommendation knowing [sic] that such recommendations [sic] are not binding" is without merit. (Doc. 1 at 6).

Similarly, Petitioner urges that the BOP abused its discretion by following the recommendations of the sentencing Court and by failing to consider all the factors set forth in § 3621(b). (Doc. 1 at 5-6). He provides no factual support for this allegation. *See* (Doc. 1). To the contrary, the record before the Court indicates that the BOP *did* consider the requisite factors under 18 U.S.C. § 3621(b) and determined that factors 2 and 3 were relevant to his request for relief. (Doc. 1 at

29). The BOP considered the nature of the offense – conspiracy and possession to distribute a cocaine base, and Petitioner's criminal history, namely that Petitioner had possession with intent to deliver a controlled substance and criminal conspiracy. Id.

Finally, Petitioner suggests that the mandate of 18 U.S.C. § 3584(a), providing that multiple prison terms run consecutively unless the sentencing court rules otherwise, does not apply to cases where a federal sentence is imposed prior to a state sentence. (Doc. 1 at 6). The Ninth Circuit, however, has ruled on "several occasions that the district courts cannot order a sentence to run either concurrently or consecutively to a non-existent term." Taylor v. Sawyer, 284 F.3d 1143, 1148 (9th Cir. 2002). Where a state court has not yet imposed a sentence at the time of the federal sentencing, the District Court has no discretion to characterize the sentence it imposed as either consecutive or concurrent. Id. Accordingly, Petitioner's contention that the BOP abused its discretion in denying his *nunc pro tunc* request is without merit.

Because the Court concludes that both of Petitioner's claims are without merit, the petition must be denied on its merits.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED with prejudice.

This Findings and Recommendation is submitted to United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 24, 2013**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE